UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ABDUWALI ABDUKHADIR MUSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:15-cv- 00213-JMS-DKL |
| ) | |
| LEANN LARIVA, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Abduwali Abdukhadir Muse is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

Muse's request to proceed *in forma pauperis* is **granted.**

Muse plead guilty in No. 09 Cr. 512 (LAP) in the United States District Court for the Southern District of New York to: one count of hijacking a ship in violation of 18 U.S.C. § 2280; one count of conspiracy to hijack three ships, in violation of 18 U.S.C. § 2280; one count of hostage taking, in violation of 18 U.S.C. § 1203; one count of conspiracy to engage in hostage taking, in violation of 18 U.S.C. § 1203; one count of kidnapping, in violation of 18 U.S.C. § 1201; and one count of conspiracy to engage in kidnapping, in violation of 18 U.S.C. § 1201. Petitioner was sentenced to an executed sentence of 405 months. There was no appeal taken from this disposition.

Muse challenges his convictions just described.

Muse filed a motion for relief pursuant to 28 U.S.C. § 2255. The trial court denied that motion on September 30, 2013. One of the claims presented by Muse and rejected by the trial court in the § 2255 action has resurfaced as the sole claim in this habeas action. This is the claim that the trial court lacked jurisdiction over Muse because he was a juvenile and that the magistrate judge lacked the authority to determine the question of Muse's age.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Muse cites *United States v. Harden,* 758 F.3d 886 (7th Cir. 2014), as new authority for his challenge to the magistrate judge's authority. Muse's reliance on *Harden* is misplaced. *Harden* is premised on longstanding Supreme Court precedents. *See, e.g., Peretz v. United States,* 501 U.S. 923, 931–33 (1991); *Johnson v. Ohio,* 419 U.S. 924, 925 (1974); *Brady v. United States,* 397 U.S. 742, 748 (1970). Moreover, *Harden* dealt with a different question. In *Harden,* the Seventh Circuit determined that under the Federal Magistrates' Act magistrate judges are "not permitted to accept

guilty pleas in felony cases and adjudge a defendant guilty." *Harden,* 758 F.3d at 888–91. In Muse's case, it was the Article III judge who conducted the change-of-plea hearing. The magistrate judge conducted an age hearing. The 28 U.S.C. § 2255 motion was considered and rejected on this point and *Harden* would not dictate a different outcome.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Muse has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: _____07/21/2015_____

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ABDUWALI ABDUKHADIR MUSE
70636-054
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808